IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| ROBERT JORDAN, et al., *Plaintiffs*, v. SUSAN A. OSMUN, et al., *Defendants*. | Civil Action No. 1:16-cv-501 |

## Memorandum Opinion

This matter comes before the Court on Defendant Susan Osmun's Motion to Dismiss for Lack of Jurisdiction, Dkt. No. 7, 8,[1] Defendant Susan Osmun's Second Motion to Dismiss for Lack of Jurisdiction, Dkt. No. 20, and Defendant David Osmun's Motion to Dismiss for Lack of Subject Matter Jurisdiction. Dkt. No. 29. For the reasons discussed below, the Court ORDERS that the Motions to Dismiss are DENIED.

### I. Background

Robert Jordan and Cheryl Anacker (hereafter "Plaintiffs"), pursuant to their Durable Power of Attorney for Lucille Kelly dated April 1, 2016, filed a complaint against Susan Osmun, Ms. Kelly's former attorney-in-fact since September 2008, alleging breach of fiduciary duty, conversion, fraud and unjust enrichment. Plaintiffs filed the Complaint on May 3, 2016, and alleged federal jurisdiction based on diversity of citizenship and sufficient amount in controversy. The Complaint identifies Mr. Jordan as a "resident of New Jersey" and does not list

---

[1] Docket entries 7 and 8 are identical in all relevant respects. Docket Number 7 includes the Motion as well as the Memorandum in Support of the Motion (which also appears on its own as Docket Number 9).

1

his citizenship. The Complaint identifies Ms. Anacker as a resident of Florida, Ms. Kelly as a citizen of Virginia and Ms. Osmun as a citizen of New Jersey. Plaintiffs allege that Ms. Osmun misappropriated Ms. Kelly's funds for personal gain through abuse of her powers as attorney-in-fact. Ms. Osmun moved to dismiss the Complaint for lack of diversity of citizenship on the grounds that Mr. Jordan and Ms. Osmun were both citizens of New Jersey. Plaintiffs obtained leave to amend the Complaint to remedy procedural defects and to add Ms. Osmun's husband as a co-defendant. Plaintiffs filed a first amended complaint ("FAC") on July 8, 2016. The FAC identifies Mr. Jordan as "an individual resident, citizen, and domiciliary of Maryland" and Ms. Anacker as "an individual resident, citizen, and domiciliary of Florida." Mr. Osmun is identified as a citizen of New Jersey. The FAC did not amend the citizenship of the remaining parties. Ms. Osmun and Mr. Osmun filed separate motions to dismiss this proceeding for lack of diversity jurisdiction raising different arguments in support of their claims. The matter has since been fully briefed and supplemented with affidavits by the Plaintiffs.

    The parties do not dispute that at the time of filing the Complaint Mr. Jordan owned a home in New Jersey, lived there during the week with his seven year-old daughter and intended to remain there (on weekdays) until the completion of his daughter's school year. Plaintiffs also present the sworn affidavit of Mr. Jordan who avows that his wife has lived and worked in Maryland since March 2016, that Mr. Jordan has been approved to transfer to Maryland by his employer since March 2016, that Mr. Jordan signed a lease in April 2016 on a property in Maryland and lives there with his wife on the weekends, that Mr. Jordan's connection to New Jersey is limited to providing for his seven year old daughter to complete the school year in New Jersey, that his daughter will attend school in Maryland for the 2016/2017 school year and thereafter, and that at the time of the complaint Mr. Jordan lived part time in Maryland with an

intent to remain there permanently and indefinitely. Mr. Jordan has not yet voted in or paid taxes to Maryland but intends to do so.

## II. Legal Standard

Congress "has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens." *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552, 125 S. Ct. 2611, 2617, 162 L. Ed. 2d 502 (2005) (citing 28 U.S.C. § 1332). This so-called "diversity jurisdiction" has a "complete diversity" requirement. *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). Under this requirement, "diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Id.* For the purposes of the diversity jurisdiction statute, an individual is considered to be a citizen of the state in which they are domiciled—"i.e. the state he considers his permanent home." *See Gambelli v. United States,* 904 F.Supp. 494 (E.D. Va. 1995), *affirmed by* 87 F.3d 1308 (4th Cir. 1996). Virginia law defines domicile as "residence or physical presence accompanied by an intention to remain for an unlimited time." *Smith v. Wellberg (In re Wellberg),* 12 B.R. 48 (Bankr. E.D. Va. 1981), *citing Smith v. Smith,* 122 Va. 341, 94 S.E. 777 (1918). Diversity of citizenship is determined at the time of the filing of the action. *See Freeport-McMoRan, Inc. v. KN Energy, Inc.,* 498 U.S. 426 (1991).

Diversity jurisdiction is subject to an amount in controversy requirement. *See Exxon Mobil Corp.,* 545 U.S. at 552. Currently, a district court does not have original jurisdiction over a diversity action unless the amount in controversy exceeds $75,000. *Id.*

## III. Analysis

There is no dispute between the parties that the amount in controversy in this dispute

exceeds $75,000. Defendants move to dismiss for lack of complete diversity of the parties alleging that Mr. Jordan, one of Ms. Kelly's attorney-in-fact, is a domiciliary of New Jersey and that Defendants are also domiciliaries of New Jersey. Plaintiffs challenge this motion on two grounds: (1) that Mr. Jordan is not a party in interest so his domicile is not relevant to establishing party diversity; and (2) that even if Mr. Jordan is a party in interest, his proper domicile is Maryland rather than New Jersey.

### A. Party in Interest for Diversity

The parties dispute whether Ms. Kelly's attorneys-in-fact, Mr. Jordan and Ms. Anacker, are parties in interest to this controversy and as such, whether their domicile should be considered for purposes of determining diversity jurisdiction.

Pursuant to Federal Rule of Civil Procedure 17(a), a party may sue in his own name with or without joining the party for whose benefit the action is brought. Fed.R.Civ.P. 17(a) ("An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought."). Plaintiffs contend that they are authorized by statute to bring a suit in Ms. Kelly's name. Va. Code § 64.2-1633 provides that "language in a power of attorney granting general authority with respect to claims and litigation authorizes the agent to...[a]ssert and maintain...a claim, claim for relief, cause of action...". Ms. Kelly granted Durable General Power of Attorney to Plaintiffs on April 1, 2016, more than a month before the filing of the original complaint. This grant conferred authority to bring a claim under Virginia law and similarly conferred authority to bring an action in federal court under Rule 17(a).

"In a diversity analysis...courts must take into account the citizenship of real parties in

interest, and not just the party under whose name the suit was initiated." *Symeonidis ex rel. Symeonidis v. Hurley & Koort, P.L.C.*, No. CIVA 3:05CV762 JRS, 2006 WL 2375743, at *4 (E.D. Va. Aug. 15, 2006) (quoting *Carden v. Arkoma Assocs.*, 494 U.S. 185, 200 (1990)). It is the citizenship of the real parties in interest which is determinative of diversity jurisdiction. *See Roche v. Lincoln Prop. Co.*, 373 F.3d 610, 615 (4th Cir. 2004), *rev'd on other grounds, Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 126 S. Ct. 606, 163 L. Ed. 2d 415 (2005). "[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980).

Defendants advance a number of arguments in support of their claim that Plaintiffs are real parties in interest for purposes of determining diversity jurisdiction. Mr. Osmun raises only one argument[2] in support of this claim. He argues that the parties identified in Rule 17(a) are considered real parties in interest for procedural purposes based on the Supreme Court's decision in *Navarro*. Defendant Susan Osmun raises three arguments. First, "it appears that the named Plaintiffs' and Kelly could all be separate parties to this lawsuit" because of Plaintiffs' interest in the disposition of Ms. Kelly's estate.[3] Second, even if Ms. Kelly's citizenship should be imputed to Plaintiffs, this would not provide diversity because then Ms. Osmun, who has been sued in her former capacity as attorney-in-fact for Ms. Kelly, should be discounted as a party in interest in favor of Ms. Kelly. As a result, the only party in interest for the Plaintiffs and the Defendants would be Ms. Kelly and diversity of citizenship would be lacking. Third, while legal representatives of an infant or incompetent are deemed to be a citizen only of the same state as the infant or incompetent, because Ms. Kelley is not identified in the complaint as incompetent or an infant her legal representatives are citizens of their respective states of domicile.

---

[2] He does not adopt any of the arguments made in Ms. Osmun's Second Motion to Dismiss.
[3] Defendants allege that Plaintiffs have legal title to Ms. Kelly's property, manage Ms. Kelly's assets, control the instant litigation, and stand to benefit from the distribution of Ms. Kelly's estate.

Plaintiffs contend that *Navarro* does not control in this case because it concerned a trustee/beneficiary relationship and the present case concerns a principal/agent relationship. Furthermore, they argue that they are acting only on behalf of Ms. Kelly under a Durable General Power of Attorney, that neither Plaintiff stands to benefit in any way from the outcome of the litigation and that they are only before the court in a representative capacity as agents of Ms. Kelly. By contrast, Plaintiffs allege that because Ms. Osmun has enriched herself by converting funds from Ms. Kelly's estate, Ms. Osmun (and her husband because he received the benefit of her acts) does have a personal stake and is a real party in interest to the dispute. Therefore, Ms. Kelly's citizenship should not be imputed to Ms. Osmun.

Under Virginia law, the durable power of attorney establishes a principal/agent relationship between Ms. Kelly and the Plaintiffs. Va. Code Ann. § 64.2-1600 ("'Power of attorney' means a writing or other record that grants authority to an agent to act in the place of the principal, whether or not the term power of attorney is used."). Courts in this District have recognized that agents of the real party in interest are not themselves real parties in interest for the purpose of determining diversity jurisdiction. In *Hien Pham v. Bank of New York*, this Court (Judge Ellis) found that a nominal beneficiary of a deed of trust and a substitute trustee could have their citizenship disregarded under the fraudulent-joinder doctrine for purposes of the jurisdictional inquiry. 856 F. Supp. 2d 804, 811 (E.D. Va. 2012). The court found that the beneficiary and trustee were "merely agents of the real party at interest here, i.e., the noteholder, and acted at the noteholder's direction. *Id.* Similarly, in *Symeonidis* Chief Judge Spencer found that two brothers who brought a malpractice suit on behalf of their mother, a Virginia citizen against a defendant law firm, a Virginia citizen, failed to establish diversity of parties. No. CIVA 2006 WL 2375743, at *4. "Plaintiffs filed this civil action under the mistaken premise that only

their citizenship-not their mother's-is to be considered for purposes of establishing diversity." *Id.* However, the court found that because the brothers brought the suit to protect their mother's legal rights it was "beyond dispute that [the mother] is a real party in interest in this litigation whose citizenship must be taken into account." *Id.* at *5. Finding a lack of complete diversity upon joinder of the mother, the court did not reach the question of whether the brothers should have been excluded from the diversity analysis. At least one district court within this Circuit, in a decision predating *Navarro*, recognized that agents are not parties in interest even where they financially benefit from the arrangement. *See B. L. Schrader, Inc. v. Anderson Lumber Co.*, 257 F. Supp. 794, 797 (D. Md. 1966) ("The Court has found that Charshee was an agent of Schrader, entitled to a share of the profit as his commission. Such an agent is not a 'real party in interest' within the meaning of Rule 17.").

Courts in other circuits have more explicitly held that an attorney-in-fact is not a party in interest. The Second Circuit has recognized that the grant of a power of attorney does not, without more, confer authority upon the grantee to bring suit in his own name. *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 17–18 (2d Cir. 1997). Relying on *Advanced Magnetics*, the Sothern District of Florida has found that "if the grantee of the power of attorney is not suing in her own name but is suing in the name of the injured party, then the real party in interest is the injured party, not the grantee of the power of attorney." *Luria-Akin v. Devonshire at PGA Nat., LLC*, No. 08-80349CIV-MARRA/JO, 2008 WL 1745063, at *2 (S.D. Fla. Apr. 11, 2008); *see also International Association of Firefighters, Local 2069 v. City of Sylacauga*, 436 F.Supp. 482, 488 (D. Ala. 1977) (holding it is well-settled that a grant of a mere power of attorney, short of an assignment of a claim, does not change the real party in interest); *Birkins v. Seaboard Service*, 96 F.Supp. 245, 248 (D.NJ. 1950) ("an assignee is regarded as real

party in interest, but an attorney-in-fact is not").

It is undisputed that Plaintiffs are currently Ms. Kelly's attorneys-in-fact with authority under Virginia law to bring a lawsuit on her behalf. Mr. Osmun has invoked *Navarro* for the general proposition that where a party "ha[s] legal title; they manage the assets; they control the litigation. In short, they are real parties to the controversy." *Navarro*, 446 U.S. at 465. He alleges that Plaintiffs satisfy these conditions in their supervision of Ms. Kelly's affairs. Though the Fourth Circuit has never engaged directly with the question of attorneys-in-fact as parties in interest, the related Fourth Circuit jurisprudence and decisions of the sister circuits are in agreement that an attorney-in-fact, as with any agent in a principal/agent relationship, cannot act as a party in interest without a showing of unique interest in the litigation. Accordingly, the general principle derived from *Navarro*, which analyzed a beneficiary/trustee relationship does not control in this case.

Ms. Osmun's three arguments are also without merit. Defendants have not presented anything more than conclusory allegations that Plaintiffs are direct beneficiaries of Ms. Kelly's estate who have a special interest in the proceedings. These bare allegations, without more, are insufficient to show that Plaintiffs are participants in the litigation in their personal, as opposed to their representative, capacity. Ms. Osmun's allegation that she is entitled to be treated as a Virginia resident because Plaintiffs' suit captions her as an individual *and* in her capacity as the *former* attorney-in-fact inappropriately elevates form over substance. As Defendants note in their briefing, "jurisdiction of the court depends upon the state of things *at the time of the action brought.*" *Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 570 (emphasis added). At the time of filing, Ms. Osmun was not Ms. Kelly's attorney-in-fact. She is not entitled to use her former position as attorney-in-fact to establish her citizenship at the present time—irrespective of

8

whether the caption identifies her as Ms. Kelly's former attorney-in-fact.[4] Ms. Osmun also argues that the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same state as the infant or incompetent. While that statement is true, it does not make the inverse true—if Ms. Kelly is not an incompetent then Plaintiffs shall not be deemed to be a citizen of the same state. Rather, if Ms. Kelly is not an incompetent (and no one has argued that she is) then Plaintiffs' citizenships are determined based on the tests discussed above. In any case, Plaintiffs claim that they are excluded from the diversity calculation not on the basis of Ms. Kelly's competence but rather because of their role as attorneys-in-fact who are not real parties in interest.

For the reasons discussed above, Mr. Jordan and Ms. Anacker are not parties in interest for purposes of determining diversity jurisdiction.

*B. Mr. Jordan's Citizenship*

Even if Mr. Jordan and Ms. Anacker were parties in interest, the FAC establishes complete diversity between the parties. Mr. Jordan is a citizen of Maryland, not a citizen of New Jersey for purposes of diversity jurisdiction.

A person is considered a citizen of a state if that person is domiciled within that state. *See Gilbert v. David*, 235 U.S. 561, 569 (1915). Mere residence in a state is not alone sufficient. *See Steigleder v. McQuesten*, 198 U.S. 141, 143 (1905). "An individual may change his domicile instantly by taking up residence in another state with the intent to remain there. 'He need not intend to remain permanently at the new domicile; it is enough that he intends to make the new state his home and that he has no present intention of going elsewhere.'" *Gambelli*, 904 F. Supp. at 497.

---

[4] The decision to caption Ms. Osmun as the "as the prior attorney-in-fact for Lucille M. Kelly under a Durable General Power of Attorney dated September 24, 2008" could create confusion despite not affording a grounds for recalculating diversity of the parties. For this reason, the Court strikes this language from the pleadings.

The facts of this case are analogous to those considered by the Norfolk Division in *Phillips v. Packard*, No. 3:07CV300, 2007 WL 2471532, at *1 (E.D. Va. Aug. 24, 2007). In *Phillips*, the court determined that the defendant was a resident of Alabama for purposes of diversity jurisdiction in a removal action. *Id.* at *3. Defendant admitted that he was a resident of Virginia at the time of his accident which gave rise to the litigation but he represented by sworn affidavit that, in the ensuing time prior to the complaint, he had relocated to Alabama taking such affirmative steps as, among other things, signing a lease in Alabama, taking a new position with his current employer there, registering to vote in Alabama, and relocating his entire family to the new state. *Id.* Defendant did not return to Virginia after his move and expressed the intent to remain in Alabama for the foreseeable future. *Id.* These same factual predicates to a change of domicile have been adopted by this Court and other Fourth Circuit courts. *See Gambelli*, 904 F. Supp. at 497 ("factors [establishing domicile] include purchasing or renting a home off-base, registering one's car in that state, obtaining a driver's license in that state, joining community groups, and testifying to one's intention to remain in the state where stationed."); *see also Griffin v. Matthews*, 310 F.Supp. 341, 343 (M.D.N.C.1969) ("In determining whether a party has intended to establish a domicile in the state to which he has moved, the court will look to such circumstances as his declarations, exercise of political rights, place of business, and other factors that aid in the determination of a state of mind.").

There is no dispute that Mr. Jordan was a resident of New Jersey at the time he assumed the power of attorney. Nevertheless, he has since taken substantial steps to change his domicile to Maryland. Like the defendant in *Phillips*, Mr. Jordan has signed a lease in Maryland, his wife has moved to their new domicile in Maryland, and he has transferred his job from New Jersey to Maryland. He has also expressed the desire to remain in Maryland for the foreseeable future.

His claim for change of domicile is not quite as compelling as in *Phillips* because Mr. Jordan has not yet changed his voting rights or paid taxes to Maryland. He has also not relocated his entire family, permitting his daughter to remain in New Jersey for the remainder of the school year and returning to New Jersey during the weekdays to be with her. Nevertheless, Defendants have not disputed that before the filing of this complaint; Mr. Jordan did enter into a lease for an apartment in Maryland, that his wife has moved to Maryland, and that he has transferred his job to Maryland. Such commitments to Maryland are far more compelling evidence of intent to remain than the merciful decision to allow a daughter to finish her school year in New Jersey is evidence of his domicile in that state.

For the foregoing reasons, Mr. Jordan is a domiciliary and citizen of Maryland for purposes of diversity jurisdiction. Therefore, complete diversity exists between the parties.

### IV. Conclusion

For the reasons outlined above, the Court finds good cause to DENY Defendants' Motions to Dismiss. An appropriate Order will issue.

September 29, 2016
Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge